Smith, d.b.a. Smith's C.B. Service, Appellant,
*v.* Tracy, Tax Commr., Appellee.

[Cite as *Smith v. Tracy* (1997), 80 Ohio St.3d 541.]

(No. 97–588—Submitted September 30, 1997—Decided December 31, 1997.)

*Willie Smith, pro se.*

*Betty D. Montgomery,* Attorney General, and *Richard C. Farrin,* Assistant Attorney General, for appellee.

———

**Per Curiam.** Smith asks this court to resolve his dilemma. According to Smith, the commissioner requires him to file returns and make payments at the commissioner's district office. The BTA, to the contrary, tells him that he has not filed the returns timely unless he files them with the Treasurer. Smith concedes that he owes tax for August 1995, but claims that he has paid this amount and that the commissioner should credit his account and vacate the penalty and late-filing charges.

The commissioner acknowledges that he operates the DODD program and that Smith participated in it. He also declares that the BTA incorrectly decided this case on the basis that Smith needed to file a return with and make payments to the Treasurer. Finally, the commissioner notes that he had not alerted the BTA about DODD. Nevertheless, he claims that Smith has not established the filing of the August return or payment of the August remittance.

Under DODD, the Treasurer has deputized the commissioner to receive returns and payments for sales taxes at the commissioner's district offices. The Treasurer receives the returns and payments when the commissioner's district office receives them. Smith participated in this program, filing returns and making payments at the district office. Thus, as the commissioner concedes, if Smith timely filed his August 1995 return and remitted the tax at the commissioner's district office, he satisfied the timely filing requirements of R.C. 5739.12.

Because the BTA ruled that only a filing with the Treasurer satisfied the timely filing requirements of R.C. 5739.12, it made no factual finding as to the filing of the August return or the remitting of the collected sales tax at the district office. Making such findings is the BTA's province, not ours. See *Youngstown Sheet & Tube Co. v. Mahoning Cty. Bd. of Revision* (1981), 66 Ohio St.2d 398, 20 O.O.3d 349, 422 N.E.2d 846.

Accordingly, we reverse the BTA's decision as to the August 1995 return and payment and remand this matter to the BTA for it to decide whether Smith timely filed the August 1995 return and payment at the district office. We also reverse the BTA's decision as to the September return and payment, and vacate the late-filing charge and penalty for the September return, in accordance with the commissioner's concession.

*Decision reversed*
*and cause remanded.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.